THE PEOPLE *ex rel.* L. ELLSWORTH, BY J. G. Mc-CULLOUGH, ATTORNEY–GENERAL *v.* N. B. LAINE.

REGISTRY ACT. — The Act of 1865–6 for the registration of voters covers the whole subject of the elective franchise, and applies to municipal and.local as well as to general State and county elections.

IDEM.—Under said Act an incorporated city, which covers parts of two townships, may be divided into Election Districts by making one or more districts in that part of the city lying in each township.

ELECTIONS SINCE THE PASSAGE OF REGISTRY ACT.—If the Board of Supervisors of a county neglect to divide a town or city into Election Districts, and to appoint a Board of Registration in the same, in compliance with the Registry Act, and an election is held not in accordance with the provisions of said Act, the election is void, and confers no rights upon the persons who claim to have been elected.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The City of Petaluma was created a municipal corporation by statute of April 12th, 1858. (Laws of 1858, pp. 140–4.) The inhabitants within the territory therein described accepted said Act, and organized a municipal government pursuant thereto. At the regular municipal election for the year A. D. 1866, the following persons were duly elected Trustees of said municipality, viz: L. Ellsworth, B. F. Tuttle, G. Warner, J. S. Cutter, and J. B. Hinkle, each of whom qualified and entered upon the discharge of the duties of his office. The corporate limits of the City of Petaluma embrace parts of the Townships of Petaluma and Vallejo, in the County of Sonoma. The Board of Supervisors of the County of Sonoma, pursuant to section thirteen of Chapter CCLXV (Session Laws of 1865–6) established Election Districts, on the 1st day of April, 1867, in said county, as follows: one within the Township of Petaluma, and within the corporate limits of said City of Petaluma, and one within the Township of Vallejo, and fixed the place of opening polls and holding elections therein without the corporate limits of said city. In compliance with said laws incorporating said City of Petaluma, an election for municipal officers was called, to be held April 15th, 1867. Pursuant to said notice a poll was opened on said day within the said corporate limits, and within said Township of Petaluma; and no poll was opened within that portion of the City of Petaluma situate within said Township of Vallejo. Persons who were qualified to be registered as voters, under and in pursuance of Chapter CCLXV, (Laws of 1865–6, p. 288,) and some of whom were in fact registered voters upon the Great Register, pursuant to said Act, and some of whom were not registered voters, attended said election and cast their ballots for Trustees of said municipal corporation. Said election was in all respects conducted pursuant to said Acts incorporating the City of Petaluma. But in conducting the same, none of the provisions of the Registry Act were observed. The following persons received a majority of the votes cast at said municipal election, viz: B. F. Tuttle, J. S. Cutter, N. B. Laine, G. P. Laird, and G. P. Hasbrouck. Said last named

persons were declared and determined by the municipal authorities duly elected Trustees of said corporation, and certificates of election were issued to each. Defendant N. B. Laine claimed to be Trustee of said municipality, under and by virtue of said election. No Board of Registration was appointed by the Board of Supervisors for said district of the Township of Petaluma or of the Township or District of Vallejo before said election. Ellsworth, one of the old Trustees, brought this action against Laine to try the right to the office. The Court below decided that Laine had a lawful right to the office, and judgment was rendered accordingly. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the Plaintiff.

*Patterson, Wallace & Stow,* also for Appellant.

No time is specified when the Election Districts shall be constructed, nor when the Board of Registration is to be appointed ; therefore both acts should have been done within a *reasonable time,* and might have been done more than ninety days prior to the third Monday of April. *Because* it was not done, and no poll list was prepared before said day on which the names of voters were enrolled, it does not follow, as contended by respondent, that a person, otherwise a qualified elector, could vote, and a valid election be held for local municipal officers, in the City of Petaluma. That argument amounts to this : the Supervisors were wrong in failing to construct Election Districts and to appoint Boards of Registration, therefore the " Registry Act " is to be disregarded. We concede that no election could be held in compliance with the Registry Act for Trustees, etc., on the third Monday of April, 1867, inasmuch as there had been an omission, by other than the municipal officers, to comply with that Act ; but that is far from conceding that for that cause a valid election could be had in disregard of it.

*D. D. Carder*, for Respondent.

The Registry Act has no application to the election under consideration; no power is conferred by it upon the Board of Supervisors to divide the territory embraced within an incorporated town into two or more Election Districts, nor to construct any Election District so as to embrace more than one township. Now it is a fact that the City of Petaluma embraces territory which composes parts of *two townships*. The Act of 1858 is self working—a complete system for the regulation and government of a city. No change has been made in the system by any positive enactment—none of its provisions expressly repealed. The forty-second section of the Registry Act repeals only such laws as conflict with it. Both statutes can stand; the one having a strictly local application, the other having a general one, relating not to municipal elections, the mode and manner of conducting which is specially prescribed. In *Brown* v. *County Commissioners*, 21 Pa. State, 9 Harris, Mr. Chief Justice Black said: " It is against reason to suppose that the Legislature, in framing *a general system* for the State, intended to repeal a special Act which the local circumstances of *one county* had made necessary." That case, we think, is very analagous to the one at bar, and forcibly illustrates the error in the proposition that this municipal election was in any manner to be governed by the " Registry Act."

By the Court, SAWYER, J. :

We have carefully examined the Registry Act with reference to the questions presented by the record, and we are of opinion that it was intended to cover the whole subject of the elective franchise, and to apply to municipal and local, as well as to general State and county elections. Section thirteen empowers the Board of Supervisors of each county, and makes it the duty of·such Board immediately after the passage of the Act, to proceed to establish a convenient number

of Election Districts in the county and define their boundaries, etc., "as the convenience of voters may require," (Laws 1855–6, p. 292,) "provided that every Election District throughout the State shall be so constructed as not in any case to embrace more that one township, and in such manner that its exterior limits shall not cross the exterior boundaries of any township, incorporated town or city, or any ward, district, or other territorial subdivision in and for which local officers are to be elected."

There can be no difficulty in laying off Election Districts in Petaluma under this provision. The district cannot embrace more than one township, but it may embrace less. That part of the City of Petaluma embraced in Petaluma Township may be formed into one or more districts, and that part embraced in Vallejo Township into others, as the circumstances may seem to require, care being taken to limit each Election District to the "ward, district or other territorial subdivision in and for which local officers are to be elected." In every Election Precinct there is to be appointed by the Board of Supervisors, or elected in the mode prescribed, a Clerk and two Judges of Election. (Secs. 14, 15 and 16.) The Clerk and Judges of Elections so appointed or elected, "shall constitute the Board of Registration for the enrolment in their respective districts of all the legal voters thereof." (Sec. 17.) The Board of Registration is to make out the list, "designated and known in law as the poll list." (Sec. 18 *et seq.*)

Prior to July 1st, 1867, the Board of Registration were authorized to enroll duly qualified voters on the poll list, although they were not registered in the Great Register. (Sec. 27.) But after July 1st, 1867, with certain specified exceptions, the Board of Registration is not authorized to enter names upon the poll lists which are not on the Great Register and uncancelled. (Sec. 28.) The Board of Registration, however, make up the poll lists to be used at the polls on the day of election, referred to in section thirty-one. By the provision of section twenty-nine, "No person shall be allowed to vote  *   *   *   unless his name is enrolled on the

poll list where he offers to vote in such district," etc. This law was in force at the time of the holding of the municipal election at Petaluma, in April last, and it had been in force long enough to give the Board of Supervisors ample time to lay off Election Districts and appoint Boards of Registration, and for the Boards to make up the necessary poll lists. There was nothing in the way to prevent the holding of the election in all respects in pursuance -of the provision of the law, but the neglect of the Board of Supervisors to perform the duties enjoined upon them by the statute. This duty was neglected, and consequently nobody was in a condition to authorize him to vote at the municipal election in April, and no vote was lawfully cast for the respondent. To sustain this election in the face of the prohibitory provisions of the statute would be to hold that a Board of Supervisors, by neglect or wilful and contumacious refusal to discharge the duties imposed by law on that body, may wholly nullify an Act of the Legislature. We think the election was void, and conferred no rights upon the parties who claim to have been elected Trustees. This state of affairs is, undoubtedly, to be regretted, but the City of Petaluma is not without a government; for section three of the Act of incorporation provided that the Trustees elected " shall hold their office for the term of one year and until their successors are chosen and qualified." (Laws 1858, p. 140, Sec. 3.)

Judgment reversed and District Court directed to enter judgment against defendant and respondent and in favor of the relator, in pursuance of the prayer of the complaint.

Mr. Justice SANDERSON did not express an opinion.