## STATE *ex rel.* BANCROFT vs. STUMPF.

*Quo Warranto for elective office — Neglect to comply with Registry Law — Irregular declaration of intention to become citizen.*

1. Where there was no registry of the voters of a town, and none of the persons who voted therein at an election furnished the affidavit required by law to entitle the vote of an unregistered elector to be received, the whole vote of the town must be rejected in *quo warranto*.

2. Where oaths (or affirmations), in the form required for aliens declaring their intention to become citizens, were signed in blank by the clerk of a

circuit court, and so delivered by him to a justice of the peace, to be by the latter filled out with the date and the names of the persons subscribing them, etc., and the oath was in fact administered by the justice, and not (as it purported to have been) by the clerk : *Held*, that these facts might be shown by parol, and the votes of such aliens must be rejected in *quo warranto*.

MOTION for judgment, upon the verdict of a jury, in an action brought in this court to try the respondent's title to the office of treasurer of Portage county.

*Hopkins & Foote*, for the motion.

*S. U. Pinney, contra.*

DIXON, C. J. The respondent moves for judgment against the relator upon the special verdict of a jury of Waupaca county, to which county the issues of fact joined in the action were sent down for trial. We think the motion must be granted. The only questions arising upon the verdict are as to the rejection of the twenty-six votes given in the town of Linwood, the two votes in the town of Sharon given by persons residing in the town of New Hope, and the ten votes in the same town given by persons of foreign birth who had attempted to declare their intentions to become citizens before a justice of the peace of the county, by subscribing their names to oaths or affirmations previously signed by the clerk of the circuit court and delivered by him in blank to the justice, to be by the latter filled with the names of the persons subscribing them, and dated, etc., the justice having administered the oath instead of the same having been taken before the clerk, as it purported to have been, and as is required by the law of congress on that subject. If these votes are rejected, the respondent was elected to the office of treasurer of the county of Portage by a plurality of fourteen votes over, the relator, who received the highest number of votes cast for either of the opposing candidates. We have no doubt that the votes should be rejected. In the town of Linwood there was no registry of the voters of the

town, as required by law, and none of the persons voting at the election furnished the affidavit prescribed by law in order that their votes might be received without such registry. They were all, therefore, illegally received, and cannot be counted. *State on complaint of Doerflinger v. Hilmantel*, 21 Wis. 566. The two votes in Sharon, by persons residing in New Hope, were clearly illegal. Electors must vote in the town, ward, or election precinct, where they reside. And the ten votes in the same town, by persons of foreign birth, were equally so. The proceedings before the justice of the peace were void, and parol evidence was admissible for the purpose of showing their invalidity. The law of congress authorizes the declaration to be made before the clerk of the court, and he alone has authority to administer the oath. R. S. 1858, Appendix, p. 1087; *State ex rel. Hopkins v. Olin, ante*, p. 309.

*By the Court.* — Motion granted.