NEFZGER v. THE D. & ST. P. RAILWAY *et al.*

</div>

**Elections: REGISTRY LAW.** The provisions of the registry law (chap. 171, Laws of 1868) are mandatory and imperative. An election without registration of voters is void.

<div align="center">

*Appeal from Fayette District Court.*

THURSDAY, JUNE 19.

</div>

ACTION to restrain the collection of a tax of five per cent voted in aid of the Davenport & St. Paul Railway Co. The petition states, in substance, that plaintiff is a tax payer of Wertfield Township, Fayette county, and that a petition was presented to the Township trustees, of said township, asking that the question of aiding the construction of the Davenport & St. Paul Railway be submitted to the legal voters of said township. That 37 of the signers of this petition were not resident tax payers of said township, and by reason thereof one-third the resident tax payers of the township did not sign said petition.

That, nevertheless, the trustees ordered an election to be held on the 22d day of May, 1870.

The petition proceeds with the following averments: "In pursuance of said order a pretended election was held on said 22d day of May, but that said election was illegal and void in this: that the board of trustees of said township in conducting said election had no register of the voters entitled to vote at

said election, and received the votes of parties regardless of any register list, or without observing any of the conditions of the registry law, and without requiring any affidavit from any of said voters showing any reason or excuse for their not being registered, or from such voters or other party that they were legal voters at said election, and that such votes were received by said board against the objections of voters on the grounds that their names were not registered as the law directs. Wherefore, by reason of there being no register prepared or used at said election, or no affidavit required of the voters as required by the registry law, all votes so cast were illegal and void. That said board canvassed the votes so cast and declared the result to be in favor of the tax, and certified the result to the county auditor."

Plaintiff further alleges that he is the owner of certain real estate in said township and of personal property on which there is assessed a tax of $107.27, of which $72.90 is on account of said railroad tax. He states that he has tendered the tax other than the railroad tax to the treasurer and demanded a receipt therefor, which said treasurer refused to receive unless he would also pay the full amount of the railroad tax. Petition prays that said tax be canceled, that the treasurer be enjoined from proceeding to collect the same, and from refusing to receive the balance of the tax levied against plaintiff. On the filing of this petition a temporary injunction was granted.

At the May term, 1871, of said court, the defendants filed the following demurrer :

" *First*.—The petition does not state facts sufficient to constitute a cause of action.

" *Second*.—The petition states facts which avoid the cause of action."

This demurrer was overruled, and, the defendants electing to stand upon their demurrer, the court adjudged that the injunction be made perpetual, and that the defendants be perpetually enjoined and restrained from proceeding to collect the five per cent railroad tax now on the tax books of said county against said plaintiff, and that the treasurer be enjoined and

required to receive and receipt for the balance of said plaintiff's tax.

Defendants appeal.

*Noble, Hatch & Freese* for the appellants.

*Ainsworth & Miller* and *McClintock* for the appellee.

DAY, J.—We deem it necessary to consider only the second ground of relief, stated in plaintiff's petition, to wit: The entire disregard of the provisions of the registry law; for it seems to us that upon that ground, if upon none other, the action of the court below is fully sustained. Section 8, chap. 172, Laws Twelfth General Assembly, provides that "no vote shall be received at any general or special election, hereafter held in this State, from any person whose name does not appear on the register, unless the person offering to vote shall furnish the judges of election his affidavit, showing that he is a qualified elector, and a proper reason for not appearing before said board on the day for correcting said register, and prove by the affidavit of a person whose name is on said register that he knows such person to be a resident of such township   *   *." The object of the act as declared in its title is to prevent fraudulent voting. Its language is mandatory. It reads, " no vote shall be received from any person whose name does not appear on the register." To hold that an elector may vote whose name is not registered would render an observance of the law merely optional, and its provisions nugatory.

In the *People* v. *Kopplekom,* 16 Mich. 342, a statute similar to ours was construed, and it was held that the failure to make a registration of voters in a township rendered all the votes received in such township void. In announcing the opinion of the court, GRAVES, J., said: " That interpretation, then, which to make valid the votes of electors, where there has been no registration, would make the act subject to an unexpressed condition, by means of which it could, at any time, be practically extinguished in whole townships, is manifestly opposed to the language and apparent scope, spirit and pur-

pose of the law." And in *State* v. *Hilmantel*, 21 Wis. 566, a like statute was construed and the same conclusion was reached. In this case Dixon, C. J., said : " And next it is to be observed, that it is a negative statute. It has been said on very high authority, that negative words will make a statute imperative. Dwarris on Statutes, 715, and cases cited. The words of the act are : " no vote shall be received at any annual election in the State, unless " etc. It is difficult to conceive of language more strongly imperative than this. Again, if we consider the mischief complained of, and the remedy provided, it will be seen that the forms prescribed are of the very essence of the statute. It is entitled, an act to guard against the abuse of the elective franchise, and to preserve the purity of elections, by a registration of electors. Abuses cannot be guarded against, nor rights preserved by statute without resorting to proceedings more or less formal."

The petition alleges an entire disregard of all the requirements of the registry law, and the demurrer admits these allegations to be true. The court did not err, therefore, in overruling the demurrer and in granting the relief prayed.

<div align="right">Affirmed.</div>