THE STATE *ex rel.* HARRISON, *Prosecuting Attorney,* v. FRAZIER *et al., Appellants.*

1. **Judicial Notice:** SPECIAL LAW. Courts will take judicial notice of a special law, constitutionally enacted, which by its terms is declared to be a public act and receivable in evidence without further proof.

2. **Special Law, Repeal of by General Law.** The terms of a special law are not ordinarily regarded as being repealed by a later law of a general nature on the same subject. To thus effect a repeal such an intent must be clearly manifested in the latter.

3. ——: CONSTITUTION : REGISTRATION OF VOTERS. The constitutional provisions regarding the power and duty of the general assembly in respect to the registration of voters (art. 8, sec. 5) was designed to have a prospective operation only. It was not designed to repeal any law on the subject existing at the time of its adoption.

4. —— : —— : ——. Unless such an intent is evident beyond reasonable question, it will be assumed as a rule of construction that only a prospective operation was contemplated.

5. —— : —— : CHARTER OF ROLLA. That part of the charter of the city of Rolla, incorporated by special act previous to the adoption of the constitution of 1875 (Laws, 1865, p. 431, art. 5) providing for the registration of voters at city elections, was not repealed by the provisions of the constitution with respect to registration.

6. **Elections:** FAILURE TO COMPLY WITH REGISTRATION LAW : QUO WARRANTO. Failure to comply with a law making the registration of voters an essential preliminary to an election invalidates the election, and an officer elected at such election may be ousted by a proceeding in the nature of a *quo warranto,* instituted by the proper officer.

*Appeal from Phelps Circuit Court.*—HON. C. C.
BLAND, Judge.

AFFIRMED.

THIS is a proceeding by information in the nature
of *quo warranto* to oust defendants from their tenure of
office as councilmen of the city of Rolla in Phelps
county. The relator is the prosecuting attorney of that
county, proceeding officially.

Defendants were chosen councilmen of Rolla at an
election otherwise valid but without any previous regis-
tration of the voters of that city.

Rolla was incorporated by a special act, approved
January 25, 1865. Part of that act requires that the
voters at city elections "shall register their names at
least two weeks next preceding the election in a book
to be kept and provided by the city register for that
purpose. Sec. 2, Session Acts, 1864–5, p. 431, art. 5.

The circuit court held the election invalid and
ousted the defendants. The latter appealed.

*A. Corse* and *H. E. Baker* for appellants.

(1) The act of the legislature, creating the city of
Rolla, is a private statute. Bouvier's Law Dictionary.
(2) The question of the qualification of a voter cannot
be inquired into by *quo warranto*. *State ex rel. v. Vail,*
53 Mo. 97 ; *State ex rel. v. Townsley,* 56 Mo. 107 ; *State
ex rel. v. Mason,* 77 Mo. 189. (3) That part of the
charter requiring a registration of voters was repealed
by the constitution of 1875. Const., art. 8, secs. 1, 9,
13, 15 ; Acts, 1883, p. 38 ; Sedgwick on Const. of Stat.
Law ( 2 Ed.) 104.

*L. F. Parker* for respondent.

(1) The act incorporating the town of Rolla is a
public and not a private act. It is so declared by section

6 of article 7 of the act itself. Similar provisions have always been held to make the act referred to a public act, of the provisions of which courts will take judicial notice. *Bowie v Kansas City*, 51 Mo. 454; *Nutter v. Railroad*, 22 Mo. App. 328; *Town of Butler v. Robinson*, 75 Mo. 192. (2) The provisions in the charter of the city of Rolla, that "the city council shall be the judge of the election returns and qualifications of its own members" (see Acts of 1864–5, p. 426, art. 2, sec. 4) does not deprive courts, having common-law jurisdiction, of the power to inquire into the regularity and validity of an election held thereunder, 1 Dillon on Mun. Corp. (3 Ed.) secs. 202–3 and note; *State ex rel. v. Fitzgerald*, 44 Mo. 425; *State ex rel. v. Dayton*, 77 Mo. 678. (3) It is conceded that the qualifications of an elector will not be inquired into in a proceeding of this character, but where an election is absolutely void, from whatever cause, the officers, holding title to their offices from such void election, will be ousted by *quo warranto*. (4) To repeal a statute by implication, there must be such a positive repugnancy between the provisions of the new law and the old, that they cannot stand together or be consistently reconciled, and if it be possible to reconcile the two acts, both will stand. Potter's Dwarris, 154–5; *McCool v. Smith*, 1 Black. 459–70; *City of St. Louis v. Ins. Co.*, 47 Mo. 146; *McVey v. McVey*, 51 Mo. 406; *Railroad v. Cass County*, 53 Mo. 17. And where the question arises whether a statute is repealed by a subsequent constitutional provision, if by any fair course of reasoning the law and the constitution can be reconciled, the law must stand. *Cass v. Dillon*, 2 Ohio St., 607; *State ex rel. v. Mayor*, 14 Ohio St., 472; *Covington v. E. St. Louis*, 78 Ill. 548; *Railroad v. Hoard*, 16 W. Va. 270; *Round v. Borough*, 81 Pa. St. 395; *State ex rel. v. Macon County Court*, 41 Mo. 453; *State v. Green*, 87 Mo. 563.

The State ex rel. Harrison v. Frazier.

BARCLAY, J.—The charter of Rolla is a special law enacted at a time when such legislation was constitutional. It is declared by its terms to be a public act and receivable in evidence without further proof. This authorizes all courts to take judicial notice of its contents.

Defendants insist that the state constitution, adopted in 1875, repealed that part of the charter of Rolla requiring the registration of voters at city elections. The constitution defines the qualifications of voters, making no reference to registration as one of them. (Art. 8, sec. 2.) It then declares that "the general assembly shall provide, by law, for the registration of all voters in cities and counties having a population of more than one hundred thousand inhabitants, and may provide for such registration in cities having a population exceeding twenty-five thousand inhabitants and not exceeding one hundred thousand, but not otherwise." (Art. 8, sec. 5.) By another section it is made clear that cities having special charters were not intended to be deprived of them by the adoption of the constitution merely, without supplemental legislation to that effect. Const., art. 9, sec. 7.

The terms of a special law are not ordinarily regarded as repealed by a later law of a general nature on the same subject. To thus effect a repeal such an intent must be clearly manifested in the latter. The constitutional declaration regarding the power and duty of the general assembly, in respect of the registration of voters, is, by its terms, evidently designed to have a prospective operation only. It does not purport to repeal any existing law such as is here under discussion. Nor do we think any such purpose can be fairly inferred from its language, especially when we consider that, unless such an intent is evident beyond reasonable question, we should assume as a rule of construction that only a prospective operation of the constitution was contemplated. *Shreveport v. Cole*, 129 U. S. 36.

But does the provision (art. 8, sec. 2) defining the qualifications of voters effect such a repeal in this instance? If it stood alone much could be said in support of that contention. But the addition of a specific declaration (in section 5 of the same article) on the subject of registration shows that such was not the design. It indicates that the enumeration of voters' qualifications is not intended to exclude the application to elections of a system of registration when provided for by existing law. The provisions of the constitution alluded to are the only parts of it that have been suggested as effecting the repeal claimed. We consider that there is no inconsistency between them and that part of the charter of Rolla here in question.

II. Respecting the remedy granted by the trial court little need be said. We are not now dealing with a mere irregularity in the workings of a registration law. There was, in this case, a total failure to comply with a law making the registration of voters an essential preliminary to an election. The effect of such failure is no longer an open question in Missouri. This court has expressly declared that it entirely invalidates the election. *Zeiler v. Chapman* [1874] 54 Mo. 502. The same view of the subject has been taken by other legal authorities. *State ex rel. v. Stumpf* [1869] 23 Wis. 630; *Pitkin v. McNair* [1867] 56 Barb, 75; *Nefzger v. Railroad* [1873] 36 Iowa, 642; *People v. Laine* [1867] 33 Cal. 55; McCrary on Elec. [2 Ed.] sec. 9; 6 Am. & Eng. Encycl. Law, p. 290.

In this case no facts are shown which might operate by way of estoppel or otherwise to impair the full force of the rule, above stated, invoked by relator. As the title of defendants to their offices as councilmen of Rolla rested solely on an election which was invalid for the reasons indicated, the judgment of ouster pronounced by the circuit court was correct. All the judges concur in affirming it.