THE ST. JOSEPH & IOWA RAILROAD COMPANY, *Appellant*, v. CUDMORE *et al.*

DIVISION ONE.

1. **Statute**: SPECIAL LAW: REPEAL. While the common rule is that a special law is not repealed by a later general law on the same subject, yet such rule yields to a clear expression of a different intent in the later enactment.

2. **Condemnation Proceeding**: JURY: CONSTITUTION. The landowner in a condemnation proceeding, under the constitution (art. 12, sec. 4), is entitled to a jury on the assessment of damages, and this is true irrespective of whether the corporation prosecuting the condemnation was created before or after the adoption of the constitution.

3. ———— : ———— : ————. The constitutional provision permitting the jury does not interfere with the vested rights of previously created corporations.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*Stephen S. Brown* for appellant.

(1) It was proper for the St. Joseph & Iowa Railroad Company, in appropriating lands for right of way, to proceed in the manner provided by its charter. *Railroad v. Morton*, 20 Mo. 70 ; s. c., 27 Mo. 317 ; *Railroad v. Rowland*, 29 Mo. 337 ; *Lindell's Adm'r v. Railroad*, 36 Mo. 543 ; *Leary v. Railroad*, 38 Mo. 486 ; *Railroad v. Gott*, 25 Mo. 540 ; Lewis on Em. Dom., sec. 248. (2) And the provisions of the charter, with respect to such proceedings, were neither repealed nor modified by the constitution of 1875. Const. of Mo., art. 12, secs. 4 and 21 ; Laws of Mo. 1873, p. 24 ; Cooley on Const. Lim. [ 4 Ed.] 185 ; Lewis on Em. Dom., sec. 248 ; *State v. Clark*, 25 N. J. L. 54 ; *State v. Trenton*, 36 N. J. L. 189 ; *St. Louis v. Alexander*, 23 Mo. 483 ; *Peters v. Renick*, 37 Mo. 597 ; *Vastine v. Court*, 38 Mo. 529 ; *State ex rel. v. Macon Co.*, 41 Mo. 453 ; *St. Louis v. Ins. Co.*, 47 Mo. 146 ; *Railroad v. Cass Co.*, 53 Mo. 17 ; *Smith v. Clark Co.*, 54 Mo. 58 ; *Scotland Co. v. Railroad*, 65 Mo. 123 ; *Railroad v. St. Louis*, 66 Mo. 228 ; *State v. Green*, 87 Mo. 583 ; *Ottawa v. LaSalle*, 12 Ill. 340 ; Laws of 1853, p. 322, sec. 4 ; *Haeussler v. Greer*, 78 Mo. 188.

*Vories & Vories* for respondents.

(1) The respondents had a right to have their damages assessed by a jury. Constitution of Mo., art.

12, sec. 4; R. S. 1879, sec. 896. (2) The constitutional provision guaranteeing a trial by jury repeals, to that extent, all former acts and charters, allowing compensation to be assessed in other ways. The former acts and charters may be followed in other respects. Mills, Em. Domain [2 Ed.] p. 240; *Kine v. Defenbaugh*, 64 Ill. 291; *People v. McRoberts*, 62 Ill. 38; *Campau v. Detroit*, 14 Mich. 226; *Mitchell v. Railroad*, 68 Ill. 286; *Whitehead v. Railroad*, 28 Ark. 460; *Pursey's Appeal*, 83 Pa. 67; *Williams v. Pittsburg*, 83 Pa. 71; *Weber v. County*, 59 Cal. 265; *In re Bridge Co.*, 91 Pa. St. 216; *Paul v. Detroit*, 32 Mich. 108. (3) The corporation cannot claim that a change in the remedy violates the contract of its charter. The addition of the right of appeal to the remedy of the owner, when formerly no such right existed, is only an enlargement of the remedy, and not an impairment of the rights of the company. *Ins. Co. v. Hill*, 86 Mo. 466; Mills' Em. Domain [2 Ed.] p. 244; *Appeal of Long*, 87 Pa. St. 114; *Spaulding v. Arlington*, 126 Mass. 492.

BARCLAY, J.—This is a proceeding begun in 1885, to condemn a right of way for railroad purposes over land of defendants.

The trial court ruled that the latter were entitled to an assessment by a jury of their damages for the land taken. To this plaintiff excepted, claiming that under its charter the damages need not be assessed by jury.

Conceding, for the purposes of this hearing, the claim of plaintiff, that, by the special acts incorporating it in 1857 and 1866, it was authorized to appropriate the use of land, necessary for its railway, by means of condemnation proceedings in which no jury was demandable for the assessment of damages, the question then arises of the effect, upon such legislation, of the adoption in 1875 of the present state constitution, containing this provision:

"The exercise of the power and right of eminent domain shall never be so construed or abridged as to prevent the taking, by the general assembly, of the property and franchises of incorporated companies already organized, or that may be hereafter organized, and subjecting them to the public use, the same as that of individuals. The right of trial by jury shall be held inviolate in all trials of claims for compensation, when, in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right." Constitution, 1875, sec. 4, art. 12.

In another part of that instrument, "and to carry the same into complete effect," it is declared that, "the provisions of all laws which are inconsistent with this constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this constitution, as require legislation to enforce them, shall remain in force until the first day of July, 1877, unless sooner amended or repealed by the general assembly." Const. 1875, schedule, sec. 1.

From this it is manifest that at least some parts of the fundamental law were intended to operate to change existing statute laws, as well as to replace prior constitutional provisions. When such intent is clear, with reference to any particular subject, the duty of the courts is to effectuate it where the change intended involves no violation of vested rights secured by the constitution of the United States or of this state.

In each instance where an issue arises as to the repealing effect of a constitutional provision, we must endeavor, as best we may, to arrive at the purpose in view in that regard, considering the language used, its context, and the effect of the proposed construction, with reference to the existing law. *State ex rel. v. Frazier* (1889), 98 Mo. 426. The common rule undoubtedly is, that a special law is not to be regarded repealed by a later general law on the same subject; but that

rule yields to a clear expression of a different intent in the later enactment. *State v. Bennett* (1890), 102 Mo. 356; 14 S. W. Rep. 868.

In the case before us the charter of plaintiff permitted it to exercise the right of eminent domain, to secure the necessary right of way for its railroad. The method of proceeding pointed out for this purpose, in case of a failure to agree with the owner of any needed land, was (describing it generally) by petition to the circuit judge, indicating the desired location of the railroad, and the appointment of sworn "viewers," to report the damages sustained by such owner, upon notice to the latter, and, on a report of the viewers, judgment was to be entered, which became final, unless objections were filed, etc.

In the proceedings under review the plaintiff began as above indicated, in accordance with its charter, but, after the report of the viewers, defendants objected to the damages awarded them and demanded a jury to fix the proper amount of their compensation. To this demand the trial court assented and submitted that issue to a jury. In so doing we think there was no error.

We regard section 4, of article 12, of the constitution of 1875, as intended by its terms and obvious object, to apply to condemnation proceedings by corporations then existing as well as by those thereafter created, and that it requires no legislation to make it operative and effective. *People v. McRoberts* (1871), 62 Ill. 38; *Mitchell v. Railroad* (1873), 68 Ill. 286. The mode of procedure to be followed in exerting the state's sovereign power of eminent domain is thereby modified only to the extent of providing for a trial by jury of the issue as to proper compensation to the land-owner.

The plaintiff's right to acquire the necessary land is not impaired. The manner of exercising the right is merely changed in a particular which seems to us plainly within the state's power to regulate. Such

change in the procedure does not in anywise infringe any vested charter right of the plaintiff. *Baltimore & S. Ry. Co. v. Nesbit* (1850), 10 How. 396; *Long's Appeal* (1878), 87 Pa. St. 114; *Chesapeake & O. Ry. Co. v. Patton* (1876), 9 W. Va. 648; *McCrea v. Railroad* (1871), 3 S. C. 381; *Springfield & S. E. Ry. Co. v. Hall* (1873), 67 Ill. 99.

The point above discussed is the only one on which error is assigned. The judgment of the circuit court is affirmed. SHERWOOD, C. J., and BLACK, J., concur.