[No. 4837.]

The People ex rel. Hodges et al. v. The District Court of the Second Judicial District et al.

Elections—Registration Lists—Certification—Fictitious Names—Certiorari.

Registration lists should contain only the names of qualified electors, and upon a petition charging that the registration lists in the hands of the election commissioners and which are about to be copied and sent out to the election judges contain fictitious names and false and fraudulent registrations, and that the judgment of the lower court directs said commissioners to copy such lists in full, the supreme court will by writ of certiorari to the lower court assume jurisdiction and direct such commissioners to omit from the copies certified to the election judges all names which they know to be fictitious, false or fraudulent.

*Original Proceeding in Certiorari.*

Mr. H. J. Hersey, Mr. C. W. Waterman, Mr. E.

P. COSTIGAN, Mr. W. E. HUTTON, Mr. CLINTON REED, Mr. L. W. BANISTER and Mr. A. M. STEVENSON, for petitioner.

Mr. GEORGE F. DUNKLEE, Mr. S. W. BELFORD, Mr. HARVEY RIDDELL, Mr. A. M. BERRY and Mr. GERALD HUGHES, for respondents.

*Per Curiam.*—The cause presented by petitioners is of a character which fully justifies this court in assuming jurisdiction. Petitioners complain of the judgment entered by the district court because, they claim, its effect is to deprive the judge of the party which they represent of the joint custody of the registration lists, and also his share of the official ballots. The respondents contend that the judgment below is not susceptible of this construction, but in order to set that question at rest, have frankly offered in open court to have a judgment rendered which shall direct that the registration lists of the several precincts be delivered into the joint custody of the judge appointed by the respondent Riddle and one of the judges appointed by one of the other respondents, and that the ballots for the use of the voters in each precinct be divided equally between the judge appointed by Mr. Riddle and one of the judges appointed by either of the other respondents. As to these matters judgment will be directed accordingly.

It is also charged on behalf of the petitioners that the registration lists now in the hands of respondents, and which they are about to copy and send out to the several election judges, contain fictitious names and false and fraudulent registrations, and that the judgment of the court below directs that respondents shall make a full and true copy of all registration lists which would necessarily include the alleged fictitious names and false and fraudulent registrations. The statute contemplates that the

registration lists shall only contain the names of qualified electors. The respondents will, therefore, be directed that in making out and delivering the lists of voters for the several precincts they shall omit from such lists all names which they know to be fictitious, false or fraudulent.

An order will also be entered, directing that the district judge take no further action in the cause to which the writ of *certiorari* herein was sued out, and that all orders heretofore entered therein be, and the same are hereby, vacated and set aside.

Jurisdiction of the cause will be expressly retained for such further orders as may be proper.

Nothing herein shall be construed as rendering the lists of voters so to be certified as conclusive that they are in all respects correct, or that the names so certified are, in fact, legal voters; but that all questions in relation thereto may be raised the same as though such lists had not been furnished under the order of this court. In performing the duties herein enjoined upon the several members of the election commission, they shall not be interfered with through any proceeding by the court below concerning the matters involved in this proceeding, the purpose being to permit the election commission to honestly and conscientiously perform the duties enjoined by law as herein enumerated.