## No. 8923.

### FISH ET AL. *v.* KUGEL ET AL.

1. ELECTION—*Without Registration of the Voters*, or attempt at registration, is void.   The rule applied to an election of trustees of a town.   (Rev. Stat., secs. 2249, 6622.)

2. PLEADINGS—*Construed.*   Allegation that the board of registers at an election "refused to sit"; answer that "no one was registered".   *Held* to import that there had been no registration of the voters prior to the election.

*Error to Weld County Court, Hon. Fred W. Stover, Judge.*

Mr. CHARLES F. TEW and Mr. WALTER E. BLISS, for plaintiffs in error.

Mr. F. J. GREEN and Messrs. MANN & MANN, for defendants in error.

Chief Justice White delivered the opinion of the court:

THIS controversy is over the right to the offices of trustees of the Town of Hudson, and involves the question of the validity of an alleged annual election for officers of such town.   At the election plaintiffs in error and defendants in error were opposing candidates, and the former were declared elected.   Thereupon defendants in error instituted contest proceedings which resulted in a judgment in their favor, and the opposing parties prosecute this writ of error. The judgment was based upon the finding that certain designated votes cast for plaintiffs in error were illegal. It was alleged by contestees, and admitted by contestors, that there was no registration of the electors for this elec-

tion, and the evidence clearly established that there was none. Contestees were their own successors, having been elected at a previous election. They sought to exclude as evidence each and every ballot cast at the election in question, upon the ground that they were illegal, not having been cast by registered electors. They were unsuccessful in this regard, the court holding that registration was not essential to a valid election for town officers. Plaintiffs in error rely solely upon the alleged invalidity of the election, coupled with their right to hold over as incumbents of the offices.

It is well settled that where the law requires registration of voters preceding an election, and provides that no one shall be permitted to vote unless he is registered, and no registration is had, the election, where the omission occurs, is of no force and effect, and no one may claim the right to an office as a result thereof. *State v. Hilmantel,* 21 Wis. 574; *State, ex rel. v. Stumpf,* 23 Wis. 630; *State, ex rel. v. Frazier,* 98 Mo. 426, 11 S. W. 973; *Nefzger v. Davenport, etc., R. Co.,* 36 Iowa 642; *People v. Kopplekom,* 16 Mich. 341; 15 Cyc. 302.

The law of this state provides that elections in towns shall be held on the first Tuesday in April at places in each ward or precinct designated by its board of trustees; or, if there be no wards or precincts, then at some place so designated therefor in such town. (§ 6622 R. S. 1908.) The section also requires that the board of trustees "shall appoint the judges of election", and makes provision for the holding of a special election, if for any reason officers have not been elected at the time and in the manner provided by law. It further provides that "all elections for municipal officers shall in all respects be held and conducted in the manner prescribed by law in case of county elections"; and § 2249, R. S. 1908, declares that "No vote shall be received at any election unless the name of the person offering to vote shall be found on the said certified registry list." The Constitution declares that all elections shall be free and open, and commands the general assembly to pass laws to secure the purity of elections, and guard against abuses of

the elective franchise.    Art. 2, § 5; Art. 7, § 11.    To the end that elections be free and open, and to discharge the duty imposed by the Constitution, the legislature enacted the aforesaid statutes.    They provide for the organization of boards of registration, and require the registration of electors, and forbid the reception of votes at any election unless the name of the person offering to vote is found on the certified registry list.

We are of the opinion that the law required the registration of voters as a condition precedent to holding an annual town election, and as there was no such registration, the purported election was a nullity.    6 Amer. & Eng. Ency. of Law (1st ed.), 290.    We are dealing here with an entire omission by the officers to perform their duties; not with an imperfect performance thereof.    As said in *State, ex rel. v. Frazier, supra*:    "We are not now dealing with a mere irregularity in the workings of a registration law. There was, in this case, a total failure to comply with a law making the registration of voters an essential preliminary to an election.    The effect of such failure is no longer an open question.    * * *.    This court has expressly declared that it entirely invalidates the election." Citing authorities.    But are the electors to be deprived of their right to vote when the registration board failed to meet, and thus furnished no opportunity to register?    We answer the question in the affirmative.    *People v. District Court*, 33 Colo. 14, 20.    A law does not become unconstitutional simply because its officers neglect their duty in its administration.    Such officers may be compelled by law to act in the premises.    Moreover, the statutes here under consideration expressly provide for a special election, if for any reason officers have not been elected at the time, and in the manner provided by law.    In *People v. Kopplekom, supra*, there was no opportunity of registration, and the point was raised whether votes cast by unregistered persons should be counted.    It was admitted that acts requiring registration of voters were valid, but contended that those otherwise qualified could not be deprived of their right to

vote, simply because they were unregistered when the officers designated to conduct the registration, failed for any cause to do so. In disposing of the question it is said:

"It is not to be disguised that this reasoning has considerable strength, but it has failed, however, to satisfy us. The statute in question is grounded upon the same article of the constitution which gives the right to vote, and its object, as expressly declared in the title, is 'further to preserve the purity of elections, and guard against the abuses of the elective franchise, by a registration of electors.' In accordance with this declared object, the act proceeds to provide for the organization of boards of registration, and to require the electors to register, and expressly forbids all voting by persons not registered. The administration of the statute is confided to the local officers elected by the people themselves, for the discharge of other municipal duties, and who may be compelled by law to act. It contemplated general obedience and continuous administration, and nowhere, in terms, makes any provision for its own nullification, either through violation, or the negligent or willful failure of officers to organize or preserve boards. It does not speak the language of a mere offer, or proposition to the electors, to register or not, but utters the language of law; unconditional, absolute, imperative; and declares, that all who do not register shall not vote. If the legislature had expressly declared that no one should be deprived of his vote for not registering whenever the means of registration should be unprovided, the statute must have been regarded as equivalent to a legislative proposition to the electors to register or not, as they should see fit; and the introduction of the same idea, by construction, would produce the same result."

In *Perry v. Whitaker,* 71 N. C. 475, where no registration books at all were opened, the registration books of a prior election were used, thereby depriving many citizens of the right to vote, because they were not registered, the election was declared void. *Zeiler v. Chapman,* 54 Mo.

502, recognizes the same rule, holding that if registration officers refuse to act, or fail to perform the duties imposed upon them, the election is void.

Defendants in error make a point as to whether the language of the pleadings constitutes an allegation and admission that no registration for such election was had in the town, claiming that the language of the allegation was only that the board of election judges refused to sit, etc., while the admission was "that no one was registered," etc.  We think this is too technical for coinsideration, and that the fair import of the language used is that there had been no registration of the voters prior to the election. But, apart from this, the evidence discloses, and the record conclusively shows, that there was no registration of voters and the real contention in the case was, whether a registration was essential to a valid election.  As the right of defendants in error to these offices rested solely on an election which was invalid, the court could not lawfully adjudge them entitled thereto; and as plaintiffs in error were entitled to hold over by virtue of a previous election, they should not have been disturbed in their possession of the offices until their successors were elected and qualified.  The judgment is, therefore, reversed, and the case remanded for proceedings not inconsistent with the views herein expressed.

*Decision en banc.*

Decided November 6, A. D. 1916.  Rehearing denied June 4, A. D. 1917.