TRUSTEES OF SCHOOLS of Township Sixteen north, of range nine west, Appellants, *v.* STEPHEN A. DOUGLAS *et al.*, Appellees.

APPEAL FROM MORGAN.

The several acts of the General Assembly since 1839 have kept alive the succession in the several officers appointed as agents for the inhabitants; and the present trustees may sue and recover upon a judgment in favor of a school commissioner which was rendered at that time.

ON the 30th August, 1836, the appellee, A. Brockenborough, and J. McKinney, made their note at one year's date to John T. Jones, then school commissioner and agent for the inhabitants of said county for the use of the inhabitants of T. 16 N., R. 9 W., for $50, and a judgment was rendered by the Circuit Court of said county against the makers of said note, at the suit of said Jones, as school commissioner, on the 28th June, 1839, for debt, damages and costs. At the October term, 1854, of said

14

court, appellants sued the appellee and McKinney in debt on said judgment to revive the same, copying the note on which judgment had been rendered, in the declaration, averring the death of Brockenborough, and the non-payment of the judgment. Summons returned not found as to McKinney, and service acknowledged by the appellee. At March term, 1855, he filed a demurrer to the declaration, which was sustained by the court, WOODSON, Judge, presiding.

D. A. SMITH, for Appellants.

M. McCONNEL and W. A. TURNEY, for Appellees.

CATON, J. The original judgment was obtained in 1839, by Jones, as school commissioner, and agent for the inhabitants of the county, for the use of the inhabitants of this particular township, in pursuance of the laws as they then existed. The legal title to this judgment continued in the school commissioner till the passage of the act of the 26th February, 1841, which transferred the legal title in the judgment to trustees of schools who were authorized to be elected by that act. Here the legal title rested till the passage of the law of 1845, which, in the forty-third section, transferred it to other trustees authorized by that act to be elected. Thus it remained till the passage of the school law of 1847, when it was again transferred to other township trustees, authorized to be elected by that act. The law was again altered in 1849, when other township trustees were authorized to be elected, who are declared to be successors to the several trustees authorized to be elected by the before mentioned laws, and vesting in them " all rights of property, and rights and causes of action, existing or vested in the trustees of school lands, or trustees of schools as successors, in as full and complete a manner as was vested in the school commissioners, the trustees of school lands, or the trustees of schools appointed or elected as aforesaid." During all these several transfers of this judgment it remained upon the record of the court, without, so far as appears, any steps being taken to collect it. It still stood in the name of the school commissioner, in whose favor it was rendered, till, by the last act, it was transferred to the present plaintiffs, by whom this action was brought in their corporate capacity, upon that original judgment; and the only question presented is, their right to bring or maintain the action. I cannot discover the least objection to their legal right to do so. If the legislature had power to pass the several acts transferring the legal title to the judgment, in the manner above stated, there is no room left to doubt their right to bring

the action; and their power to do this was not even denied upon the argument. These were all municipal corporations created for school purposes; and this judgment, and other property vested in them, was public property for the use of schools. And this, as well as the corporations in which it was vested, was necessarily subject to legislative control and disposition. The complete authority of the legislature over such subjects has never been doubted, and probably never will be, seriously.

If, as was contended, the corporation by which the action was commenced, was, pending the action, by a subsequent law, repealed out of existence, and was succeeded by another created by that act, I find no such law; but if it was as contended, the new corporation was of the same name, and possessed the same powers, rights and jurisdiction as the old, and it became its duty to prosecute the action to a determination in the same form and mode, and in the same name, so that no change in the name of the plaintiff was required to be made on the record. Besides, even if there had been a change in the name of the corporation, the objection should have been made by a plea in abatement *puis darrein continuance*, and not by general demurrer.

We think the demurrer was improperly sustained; and the judgment must be reversed, and the cause remanded, with leave to the defendants to plead to the merits.

*Judgment reversed.*

---

DISSENTING OPINION BY SKINNER, J. The judgment sued on in this case was rendered in favor of Jones, school commissioner, &c. He was the plaintiff in the action, and in whose name the recovery was had. The legal title and interest in the judgment was in him alone, although he might have no equitable or beneficial interest therein. The legal title in and right of action at law upon this judgment was vested in Jones, and upon his death would pass to his personal representatives, in exclusion of those having the equitable or beneficial claim; and so they would remain until some law should give to another the right of action, and those having the beneficial interest could sue upon it alone in the name of the plaintiff in the record—Jones—or his personal representatives. The successor of Jones, as school commissioner, could not have maintained an action at law upon this judgment, either in his own name, or as school commissioner. The addition to the name of the plaintiff in the record, of "school commissioner," &c., does not affect the *parties* to the action, or have any other effect than to indicate who are entitled to the proceeds of the judgment, and have the equitable interest in

such judgment. The recovery is still in favor of Jones, the plaintiff in the record.

Though a judgment be recovered by A. for the use of B., B. cannot sue at law upon the judgment, but to maintain the action must sue in the name of A., in whom the legal title is. *Triplett* v. *Scott*, 12 Ill. 137 ; 1 Chitty's Pl. 2 and 3. In none of the laws giving trustees of schools the right to sue upon causes of action existing in the school commissioner, or in any of the school corporations to which they are successor, do I find that the right is given, *except so far as such right existed in the school commissioner, or in the school corporations to which they succeeded;* and the right of action upon this judgment never existed in either, and hence, by operation of these laws, could not vest in the present trustees of schools. Laws of 1841, 275, Sec. 62; Laws of 1845, 61, Sec. 43 ; Laws of 1847, 127, Sec. 39 ; Laws of 1849, 162, Sec. 39.

For these reasons I think the judgment of the Circuit Court should be affirmed.