102    5
f132    542

THE DISTRICT TOWNSHIP OF SHERIDAN, SCOTT COUNTY,
IOWA, v. J. B. FRAHM, Treasurer of Scott
County, Iowa, Appellant.

**School Districts: MULCT LAW:** *Municipalities.* A school district
township is not a "municipality," within the laws of 1894, chapter
62, section 14, which provides that one-half the tax levied and
collected on saloons, under the act, shall be paid over by the
county treasurer to the municipality in which the business is con-
ducted.

*Appeal from Scott District Court.*—HON. C. M. WATER-
MAN, Judge.

SATURDAY, APRIL 10, 1897.

PLAINTIFF, a school district known as the "District
Township of Sheridan," asks a writ of mandamus com-
manding the defendant treasurer to pay to plaintiff
one-half of the tax collected by defendant on property
assessed under chapter 62, Acts of the Twenty-fifth
General Assembly, for the year 1894, in said township
of Sheridan. The defendant demurred to the petition
upon the ground that the plaintiff is not a municipal-
ity within the the meaning of said chapter. The
demurrer was overruled, and, defendant electing to
stand thereon, judgment was rendered against him,
from which he appeals.—*Reversed.*

*W. M. Chamberlin* for appellant.

*Davison & Lane* for appellee.

GIVEN, J.—I. Chapter 62, Acts Twenty-fifth
General Assembly, provide for assessing, levying,
and collecting an annual tax of six hundred dollars
"against each person carrying on or conducting a

place for the sale of intoxicating liquors, and also against the real property, and the owner thereof, in which or upon which said place is located." Section 14 of said chapter is as follows: "The revenue derived from the tax provided for in this act (six hundred dollars per annum) for each place where intoxicating liquors are sold, shall be paid into the county treasury, one-half to go into the general county fund, and the remainder to be paid over to the municipality in which the business taxed is conducted." The question presented on this appeal is whether the school district is a municipality within the meaning of said section. Appellant's contention is that the word "municipality" applies only to incorporated cities and towns, and several definitions are quoted in support of this contention. Appellee contends that this court has, in a number of cases cited, held that a school district, such as plaintiff, is a municipality, and that the terms "municipality" and "municipal corporation" are synonymous. It is true that these terms have been used, in some instances, as synonymous, but not when the question was so directly presented as now. It is the legislative intention in the use of this word for which we are now to inquire, rather than the technical or general sense in which it is used; yet these are proper to be considered in arriving at the legislative intention. It is a fact that places for the sale of intoxicating liquors are very generally within incorporated cities or towns, and that it is exceptional when that business is carried on elsewhere. While chapter 62 requires the tax to be assessed and collected whether or not the place be within the incorporated limits of a city or town, we are satisfied that in providing for a disposition of the revenue derived from this tax only counties and incorporated cities and towns were contemplated. We think there was an omission to provide the disposition

that should be made of one-half of the revenue when the place taxed was not within an incorporated city or town. We are confirmed in this conclusion by the fact that the Twenty-sixth General Assembly in chapter 25 of the Acts,—passed since this case was heard in the district court,—amended section 14 so as to provide that in cases like this one-half the tax shall be paid to the township authorities, to be used in the improvement of its roads. Our conclusion is that the plaintiff is not entitled to the relief asked, and that the demurrer should have been sustained.—REVERSED.