## Davis v. Steuben School Township.

[No. 2,406.    Filed April 8, 1898.]

Judgment. — *Vacation.* — *Default.*— A party asking relief from a judgment taken by default must show that he has a meritorious defense to the cause of action, and that such judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect.  *p. 700.*

Same.— *Vacating Judgment.*—*Complaint.*—No formal pleadings are necessary beyond the complaint or motion in a proceeding to vacate a judgment.  *p. 700.*

Bills and Notes.—*Township Orders.*—*Not Negotiable Under Rules of Law Merchant.*—Township orders are not negotiable under the rules of the law merchant, and an assignee of such orders has no greater or superior rights than the original payee.  *p. 701.*

Judgment. — *Vacation.* — *Township Trustee.*— *Township Orders.* —  Where a township trustee permitted a judgment to be taken against him his township by default on township orders issued by him, his successor in office cannot have such judgment vacated and set aside on the ground of fraud of such trustee and failure of consideration, under the provision of section 399, Burns' R. S. 1894 (396, Horner's R. S. 1897), that "the court * * * shall relieve a party from judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect," etc., where the summons was properly served.  *pp. 701–709.*

From the Warren Circuit Court.    *Reversed.*

*Nebeker & Simms,* for appellant.

*C. V. McAdams, J. Frank Hanly, Robert Braden* and *Harley D. Billings,* for appellees.

Wiley, J.—The appellee, through its trustee, issued to one G. W. Boyd its three several township orders, or warrants.    One of these was issued April 20, 1893, and became due on or before August 15, 1894, and

was for $247.00.  The other two were issued March
2, 1894, and became due respectively on or before
June 25, 1894, and September, 25, 1894, the one be-
coming due first being for $235.00, and the other for
$240.00.  The order dated April 20, 1893, purported
to have been given for "school supplies," the one due
June 25, 1894, for "school desks," and the one due
September 25, 1894, for "said supplies."  These
several orders were assigned by indorsement to the
appellant before maturity, and for a valuable con-
sideration.  Appellant commenced an action against
appellee upon these orders, and recovered judgment
by default.  The complaint was in three paragraphs,
each paragraph being based upon one of the said
orders.  Judgment was rendered January, 16, 1895.
At the time the orders were issued one Miles Starry
was trustee of appellee township, and continued in
that capacity until the first Monday in August, 1895,
when he was succeeded by one Robert A. Chandler.
On August 15, 1896, the appellee filed its complaint
or motion, under section 396, Horner's R. S. 1897, to
be relieved from the judgment, and to be permitted to
defend against the action.  Proper notice was served,
appellant appeared, and such proceedings were had
as that the relief prayed for was granted, and the
judgment vacated and set aside.  The appellee then
appeared to the original action, and demurred sev-
erally and separately to each paragraph of the com-
plaint.  The court sustained the demurrer to the sec-
ond and third paragraphs, and overruled it as to the
first.  Issues were then joined as to the first para-
graph, trial by the court, and judgment for appellee.

Appellant has assigned errors as follows: "(1) The
court erred in overruling the demurrer of appellant
to the complaint and application of the appellee to
set aside and vacate the default and judgment in said

cause; (2) said complaint to set aside said default and judgment does not state facts sufficient to constitute a cause of action; (3) the court erred in making its order, and adjudging that the default and judgment in said cause be set aside, and in sustaining said application therefor; (4) the court erred in sustaining appellee's demurrer to the second and third paragraphs of complaint, and (5) the court erred in rendering a final judgment against appellant, and that he take nothing by his suit."

Waiving any technicality that might be urged against some of the specifications of the assignment of errors, we will address ourselves to a discussion and determination of the controlling questions presented by the record, to wit:

(1) Did the court err in setting aside and vacating the original judgment? And (2) did the court err in sustaining appellee's demurrer to the second and third paragraphs of complaint?

To a determination of the first question, it will be necessary to state as briefly as possible the facts upon which appellee based its motion to be relieved from the judgment. In the motion it is averred that Miles Starry was duly elected as trustee of appellee township, and entered upon the discharge of his duties the first Monday in August, 1890, and vacated said office on the first Monday of August, 1895, being succeeded by Robert A. Chandler. The motion then recites that as trustee said Starry issued the three orders above described; that they were indorsed to appellant; that he commenced an action thereon, and that summons was duly served on said Starry as trustee of said township; that while said suit was pending, said Starry made payments to appellant on said orders, aggregating $440.00, four hundred dollars of which were applied on the principal and interest, and forty

dollars upon attorneys' fees; that on January 16, 1895, on appellant's motion, appellee township was defaulted, and judgment rendered for $416.85, the balance due, which included $34.00 attorneys' fees. That said Starry as trustee, or otherwise, did not appear to said action either in person or by attorney, to defend, but suffered default and judgment; that at the succeeding term of said court, said Starry employed counsel, and filed a motion in said cause to reduce the amount of judgment in the sum of $34.00 on account of the attorneys' fees included therein, which motion was overruled. It is then averred that there was no consideration passed from said Boyd to the said township, or from any other person to it, for which said pretended orders or warrants were issued, and that said Boyd nor any other person, delivered to appellee township any school desks or school supplies for which said orders were issued, and that no school desks or supplies were received or accepted therefor; that, at the time said suit was commenced and judgment rendered, said township was not indebted to appellant or any other person for school desks or supplies for which said orders were given; that when said Starry filed his final report with the board of commissioners of Warren county, on the first Monday of August, 1895, when he retired from the office of trustee, he did not take credit for the $440.00 paid by him on said orders, nor did he ever take credit therefor in any of his reports and settlements. That said Starry as such trustee did not keep in his office record, nor file in his final account, nor post up near his office or at any other place, any statements of the indebtedness of appellee township outstanding at the time he retired from said office; that the board of commissioners refused to approve his final report; that while he was trustee he received and disbursed about

$30,000.00 belonging to said township, and that after the refusal so to approve his final account, his successor in office commenced an investigation of the affairs of said township, and of the receipts and disbursements of its funds, while said Starry was trustee; that such investigation involved great labor and long time; that on account of the indefinite character of the many vouchers taken by him, the investigation required the identification of all the property in the possession of the township and a comparison thereof with the credits claimed by Starry in his several accounts, and after fully completing said investigation, said Chandler as such trustee became satisfied that improper credits had been claimed by said Starry, and suit was instituted by him on his official bond, and he recovered in said action, on behalf of said township, the sum of $2,600.00 in April, 1896; that a large proportion of said sum was for money claimed by Starry to have been paid by him to said Boyd, for school supplies, which were never purchased, received or accepted by appellee. That pending said action there was also pending a suit by one Stafford against appellee, on alleged warrants issued by said Starry to said Boyd, which suit was finally in April, 1896, determined in favor of appellee, and that there are still outstanding against appellee, alleged warrants issued by said Starry to said Boyd, and by him assigned to various persons, aggregating in amount about $10,000.00, which upon investigation said Chandler found to be invalid, and issued without any consideration; that repeated demands have been made upon said Chandler as trustee for the payment of said warrants, and that since assuming said office he has had almost continually some alleged claim against said township growing out of the transactions between said Starry as such trustee and said Boyd, until the

month of July, 1896, when he completed his investigations of matters then pressing upon him for settlement; that since said time he has been pressing through his counsel an investigation of the judgment rendered in this cause. That said Starry and said Boyd, before the dates of the warrants sued on in this action, entered into a conspiracy to rob and plunder said school township of its special school revenue, by the issuing of alleged warrants by said trustee to said Boyd, without any consideration, which said warrants were to be sold by said Boyd and the proceeds of said sales to be divided between them, and in keeping with said unlawful combination, said Starry paid on the warrants sued on $440.00 and refrained from taking any credit therefor, thereby concealing the fact of said payments, and the discovery thereof came about by the investigation aforesaid; and that in keeping with said unlawful combination, said Starry failed and neglected to defend or cause to be defended the interests and rights of appellee in said action, and that he corruptly and unlawfully suffered said judgment to be rendered against appellee. It was further charged that appellee could not defend against said action except through its trustee, and that on account of the neglect and failure of said Starry to defend in said action, the appellee was prevented from making its defense therein, without any fault or negligence on its part, and that appellee's defense to said suit is a total want of consideration for the issuing of the warrants sued upon. Appellee's application to vacate the judgment and to be permitted to defend against the action. was accompanied by copies of each of the orders sued upon as exhibits, and was verified by Chandler as trustee and Charles V. McAdams, his attorney.

As above stated, appellant appeared to this motion, and demurred thereto. This demurrer was overruled,

appellant excepted and has brought the question into the record by bill of exceptions. The statute under which appellee's motion to vacate the judgment was based, is a part of section 396 of Horner's R. S. 1897, which is as follows: "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years."

The rule prevails in this State that a party who has suffered a judgment to be rendered against him by default, has no standing in court except for two purposes. The one is to have the default set aside, and the other is to appear and contest the amount of damages. *Fisk* v. *Baker*, 47 Ind. 534.

A party asking relief from a judgment by default must show (1) that he has a meritorious defense to the cause of action, and (2) the facts which tend to show that such judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect. Such facts should be clearly and distinctly set forth. *Clandy* v. *Caldwell*, 106 Ind. 260; *Nord* v. *Marty*, 56 Ind. 531; *Ratliff* v. *Baldwin*, 29 Ind. 16. The provision of the statute above quoted has often been before the supreme and this court, and as a result of the many decisions construing it, it is the settled rule that no formal pleadings are necessary beyond the complaint or motion of the party seeking relief. *Lake* v. *Jones*, 49 Ind. 297; *Buck* v. *Havens*, 40 Ind. 221; *Nord* v. *Marty, supra*. In the case last cited, however, the appellee demurred to appellant's verified complaint, which was sustained. The court held that this was tantamount to a submission of the cause to the hearing of the court below on the facts set out in the complaint.

In the case before us the facts stated in appellee's

complaint are confessed as true by the demurrer. The appellant stood on his demurrer, and submitted the questions thus raised to the judgment of the court, resulting in a finding against him on all the issues.

Upon the question as to whether or not the appellee stated facts showing a meritorious defense to appellant's cause of action, it seems to us there can be no controversy. We have referred to the facts at length, and it seems clear to us that such facts properly and timely pleaded, would have constituted a good, meritorious, and complete defense to appellant's cause of action.

Township orders are not negotiable under the rules of the law merchant, and appellant took them, charged with a knowledge of all of their infirmities. The boundary lines of the authority of a township trustee to bind his township by his contracts, are well defined by the numerous decisions of the supreme and this court, and all persons dealing with him are bound to know the limit of his authority, and that beyond such limit, which is defined by the statute and law, he cannot go. Of the many cases so holding, we cite the following: *First Nat'l Bank* v. *Adams School Tp.*, 17 Ind. App. 375; *Blooming School Tp.* v. *Nat'l School Furnishing Co.*, 107 Ind. 43; *Board, etc.*, v. *Fertich*, 18 Ind. App. 1; *Snoddy* v. *Wabash School Tp.*, 17 Ind. App. 284; *Board, etc.*, v. *Hemphill*, 14 Ind. App. 219; *Board, etc.*, v. *Galloway*, 17 Ind. App. 689. Hence it follows that appellant had no greater or superior rights on account of his being the assignee of the orders, than the original payee, and the question of innocent purchaser or holder is not to be considered.

The question of a meritorious defense to appellant's cause of action having been made out, we come next to the consideration of the remaining question, to wit: Has the appellee shown or stated facts sufficient to

entitle it, in law, to relief against the judgment under the provisions of the statute cited? It seems to us that, in principle at least, the very question we are considering has been decided by the Supreme Court in the recent case of *Adams School Tp.* v. *Irwin* (Ind. Sup.), 49 N. E. 806. That case differed from the one before us only in this: There appellant prayed for relief from a judgment taken by default on account of alleged fraud, and here appellee is asking to be relieved from a judgment by default taken against it on account of its alleged mistake, inadvertence, surprise, and excusable neglect. In the application for relief in that case the trustee is charged with having issued to one George W. Ray a township warrant, purporting to have been issued for school supplies and certain apparatus to be used in the public schools; that Ray transferred the warrant to appellee who instituted an action upon it and obtained a judgment by default; that said supplies, etc., were not purchased by said Ray nor received by the township, nor used in the schools thereof; that the warrant was executed and delivered to Ray in pursuance to a corrupt and fraudulent bargain and conspiracy by and between the trustee and Ray to defraud the township; that the trustee at the time the suit was commenced and judgment rendered, had knowledge of all of said facts; that he concealed the same from the court, and permitted judgment to be taken against the township by default, for the purpose of practicing a fraud on the court, and that thereby a fraud was practiced on the court, and a judgment recovered by appellee. It is then shown that after said judgment was rendered another trustee came into office, and upon investigation discovered the facts aforesaid, and brought the action to set aside the judgment. No facts are shown however, that even tend to impute any fraud or misconduct to the appellee in obtaining the judgment.

The theory of the complaint in that case was that appellant was prevented from setting up the fraud or collusion between Ray and its trustee as a defense to the action, by reason of the negligence or wilful failure of the trustee to respond to the summons of the court, and appear in the name and on behalf of the township, and make the defense warranted by the facts pleaded. The court speaking by Jordan, J., said: "It would seem that appellee commenced his action in the proper court, in the usual and ordinary way, by filing a complaint, and procuring appellant to be duly notified of the pendency of the action, by duly serving the proper process of the court on its trustee. We must at least presume this to be so, in the absence of any showing to the contrary, as the facts disclose that the judgment was taken on the default of appellant. The law required the process of the court to issue against the appellant, under the circumstances, as the school township, and to be served, as provided, on its trustee. Section 6027, Burns' R. S. 1894 (4536, R. S. 1881). *City of Huntington* v. *Day*, 55 Ind. 7; *Vogel* v. *Brown Tp.*, 112 Ind. 299; *Vogel* v. *Brown School Tp.*, 112 Ind. 317. We are therefore bound to presume that the court found that the law in this respect had been complied with before it gave judgment against appellant on default." Again the court said: "Equity, however, will not interpose to relieve a complaining party from a judgment at law on the grounds that he had a valid defense to the action wherein the judgment was rendered, which was not interposed by reason of his own negligence. As a general rule, every person is required to look after his own rights, and to see that they are vindicated in due season and in a proper manner. Consequently, where a defendant has the proper means of a defense in his power, but neglects or fails to employ such means in a proper tri-

bunal, and suffers a judgment to be recovered against him in a proper tribunal, he is forever precluded. *Center Tp.* v. *Board, etc.,* 110 Ind. 579, and authorities there cited."

A civil or school township is a municipal corporation. It exists only by virtue of statute. It is an impersonal something. It is without knowledge, action or existence save in law. It can only act by and through its legal officer and representative, its trustee. It is wholly passive and submissive, and can protect itself only through its proper representative. For all legal purposes and business transactions, the trustee of the township is the representative and agent of the township, and acts for it.

In section 486 in Freeman on Judgments, it is said: "To entitle a party to relief from a judgment or decree, it must be made evident that he had a defense upon the merits, and that such defense has been lost to him, without such loss being 'attributable to his own omission, neglect, or default.' The loss of a defense, to justify a court of equity in removing a judgment, must in all cases be occasioned by the fraud or act of the prevailing party, or by mistake or accident on the part of the losing party, unmixed with any fault of himself or his agent."

In the case before us appellee is a public corporation, capable of acting only by and through its authorized officer or agent. Starry, its trustee, was such officer and agent. As was said in *Adams School Tp.* v. *Irwin, supra,* "Appellant is a public corporation, with the power to sue, and subject to be sued, and certainly the rule asserted by the authorities on the question involved is as applicable to a public corporation as it is to a private one or to a natural person. Forney, at the time appellee commenced his action to recover on the warrant, was the trustee of this school

township; and, although not the township, he was, at least, its special agent, with limited statutory authority.  Notice to him of the pendency of the action, in the manner provided by law, must be deemed notice to the township.   When appellee instituted his suit on the warrant, and legally notified appellant, through its proper agent, of the fact, he thereby challenged it to respond in like manner as any other defendant would have been required, and assert any defense which it then had to the action.  The discharge of this duty rested, under the law, on its trustee.   This was in the scope of the power and authority of his agency, and this duty he, with full knowledge of the existing facts, neglected or failed to perform. Consequently, the loss of appellant's defense to the cause of action resulted from the negligent act of its own agent, and in no sense from any act or wrong of appellee."

In the case from which we have just quoted, appellant contended that its hands, under the circumstances, were tied, and it could do nothing.  In other words it was helpless, because of the fraudulent acts and conduct of its trustee.  The court held that if in a legal sense this could be true, it was met with the answer that such condition was occasioned by and attributed to its own agent or representatives, and in support of the proposition cited *Cicero Township* v. *Picken*, 122 Ind. 260.  That was an action upon a township warrant, and after judgment, which was rendered without summons, but where there was appearance of counsel and judgment by agreement, the township brought an action to set it aside for fraud, showing that it had a good and meritorious defense, in that the obligation sued upon was issued without authority and in violation of law.  Among other

things the court said, "If the contention of appellant's counsel can be maintained, judgments rendered against public corporations are of no binding force, and have no validity, if the corporation, as it turns out, could have successfully defended the action on the ground of want of power to enter into the obligation sued on."

It seems to us that the reasoning in *Adams School Township* v. *Irwin* and *Cicero Township* v. *Picken, supra,* is applicable to the facts in the case before us, and is of controlling force.    The appellee here asked to be released from a judgment under a specific statute, on account of its *"mistake, inadvertence, surprise, or excusable neglect."*    (The italics are ours.)    We must look to the legal as well as to the etymological meaning of these terms, to ascertain if the appellee has brought itself within the protection of the statute.    "Mistake" as defined by Anderson's Dictionary of Law, p. 681, is: "Some intentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence," or "when a person, under some erroneous conviction of law or fact, does, or omits to do, an act which but for the erroneous conviction, he would not have done or omitted."    There are mistakes of fact and of law.    A mistake of fact takes place when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist.    A mistake of law occurs when a person, having full knowledge of facts, comes to an erroneous conclusion as to their legal effect.    Anderson's ·Dictionary of Law, *supra.*    "Surprise is the act of taking unawares, sudden confusion or perplexity."    "Inadvertence" is a lack of heedfulness, or attentiveness.    Webster.    Excusable neglect is a compound term.    "Excusable" is where an act is done, or omitted, admitting of an excuse.    "Neglect" is the omission or forbearance to

do a thing that can be done or that is required to be done.   Dictionary of Law, *supra*, pp. 429 and 703.

The question presents itself, can a public corporation,—a creature that exists only in law,—be mistaken, inadvertent, surprised, or excusably neglectful.   It cannot think, speak or act; it can neither impart or receive information or knowledge, and it can not, in itself, do or cause to be done, omit or cause to be omitted, any act or thing.   Then how can it be mistaken, inadvertent, surprised or excusably neglectful? Its proper officer, the trustee, who alone is authorized to act for it, might be surprised, etc., and in' such event, it could bring itself within the provisions of the statute by the pleading of the proper facts, and obtain relief from a judgment taken against it on account of its mistake, inadvertence, surprise, or excusable neglect.   But here appellee's trustee had full knowledge of all the facts leading up to the rendition of the judgment.   He knew the conditions and circumstances under which the warrants were issued.   He knew that they were without consideration, if that was a fact.   He knew that there was a conspiracy between Boyd and himself to defraud and plunder his township, if there was such conspiracy.   He knew that the warrants had been assigned to the appellant, for he had paid money upon them while in his hands.   He knew that an action was pending against the township to enforce their collection for he had been duly served with process.   He failed to appear, either by counsel or in person, and make a defense, which the facts warranted, and purposely and fraudulently suffered judgment by default.

We regret that the law will not interpose and relieve appellee from the burden resting upon it by reason of so unjust and inequitable a judgment, but under the authorities we see no escape from it in the

Davis v. Steuben School Township.

remedy here pursued.  Counsel for appellant insist that the rule that the negligence of an attorney is the negligence of the client or party to the suit applies here, on the theory that the trustee of the township is the agent of the township, as an attorney is the agent of his client.  We are inclined to the view that this insistence is firmly grounded, both in principle and upon the weight of authority, and we see no escape from it.  That the negligence of an attorney is the negligence of his client, there can be no doubt, and where, by such negligence, injury results to the client, the general rule prevails, he has no relief in law.  See *Brumbaugh* v. *Stockman*, 83 Ind. 583; *Center Tp.* v. *Board, etc.*, 110 Ind. 579; *Lowe* v. *Hamilton*, 132 Ind. 406; *Parker* v. *Indianapolis Nat'l Bank*, 1. Ind. App. 462; *Baltimore, etc., R. R. Co.* v. *Flinn*, 2 Ind. App. 55; *Cresswell* v. *White*, 3 Ind. App. 306; *Heaton* v. *Peterson*, 6 Ind. App. 1.

We desire to say, before concluding this opinion, that it is regrettable that under the facts in this case, the law will not afford to appellee the relief it seeks, and take from it the burden which its trusted officer and agent made it possible to cast upon it.  Transactions of this character rest heavily upon the subdivision of the government they immediately affect.  The primary remedy, however, for such evils, is in the election of honest and trustworthy officials as representatives of the people, and secondly, in actions upon their official bonds in case they prove recreant to their trusts.

The language of the court in *Adams School Township* v. *Irwin, supra*, is apropos in this connection.  They said:  "The loss which appellant will sustain if compelled to pay the judgment will be the result, to an extent at least, of its misfortune in having selected, through its legal voters, a man for its agent or repre-

Roberts *v.* Trammel *et al.*

sentative who, if the facts alleged are actually true, was recreant to his trust, and one ready and willing, at the instigation of designing men, to perpetrate a criminal wrong."

It follows from what we have said, and the authorities cited, that the court erred in overruling the demurrer to appellee's application to set aside the default and judgment, and in vacating the same, and this conclusion makes it unnecessary for us to decide the question presented by sustaining the demurrer to the second and third paragraphs of complaint. The judgment is reversed, with instructions to the court to sustain appellant's demurrer to appellee's application to set aside and vacate the default and judgment, and for further proceedings not inconsistent with this opinion.