# CHARLESTON.

MARY R. CLAYTON *v.* COUNTY COURT OF ROANE COUNTY.

Submitted April 22, 1924.   Decided April 29, 1924.

1. APPEAL AND ERROR—*Where General Demurrer to Declaration Sustained, or Overruled, Only Question That May be Certified for Review is Sufficiency of Declaration.*

    The only question that may be properly certified to the supreme court for review where a general demurrer to a declaration has been sustained or overruled is whether the declaration states a good cause of action against the defendant. (p. 335).

2. HIGHWAYS—*Statute Making County Court Liable for Defective County-District Road Repealed Statute Making it Liable for Defective Public Road.*

    Sec. 154, chap. 43, Barnes' Code 1918 (sec. 153, Chap. 66, Acts 1917), which imposes a liability on a county court for injuries sustained by reason of a public road being out of repair, is expressly repealed by Sec. 194, chap. 112, Acts 1920-1921; Section 167 of which chapter imposes liability on the county court for injuries occurring to persons or property by reason of a county-district road being out of repair. (p. 336).

3. SAME—*Rule as to County Court's Duty to Construct, Improve, and Maintain Class A Roads, Stated.*

    Under sec. 64, Chap. 112, Acts 1920-1921, it is the duty of a county court to construct, improve and maintain all roads in the county theretofore known as "Class A" roads, as county-district roads until such time as the state road commission shall, by order entered of record, take such "Class A" roads over for construction or maintenance. (p. 336).

4. SAME—*Declaration Held to State Cause of Action Against County Court for Injuries Caused by Defective Road.*

    In an action on the case for damages against a county

96 W. Va.

court for injuries sustained by plaintiff by reason of a public road being out of repair, it is sufficient to charge in the declaration that the road at the time of the injury complained of was under the immediate care, supervision and control of the county court, and kept and maintained by it for public travel,. and was charged with the duty of keeping the road in proper repair and free from obstructions dangerous to persons lawfully traveling thereon.  (p. 336).

McGINNIS, JUDGE, absent.

Case certified from Circuit Court, Roane County.

Action by Mary R. Clayton against the County Court of Roane County.  The trial court overruled a general demurrer to the declaration and certified its ruling to the Supreme Court of Appeals for review.

*Ruling affirmed.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiff.
*John W. Lance,* for defendant.

LIVELY, JUDGE:

The trial court overruled a general demurrer to the declaration and certified its ruling to this court for review; propounding questions to be answered which do not arise upon the pleading.  The only question that may be properly certified for review under section 1, chapter 135, Code, where a demurrer to a declaration has been sustained or overruled, is whether the declaration states a good cause of action.  Hence the question propounded in this case as to whether the state road commission is liable for damages for injuries sustained by a person traveling over a public road by reason of it being out of repair, which road has been taken over and maintained by the commission; and if so from what source the commission would obtain money to pay a judgment, does not arise upon demurrer to a declaration by such individual against the county court.

The declaration is in trespass on the case for damages sustained by plaintiff to her person and property by reason of an obstruction negligently and carelessly left by the county court upon a road which at the time of the accident and for

many years prior thereto had been kept and maintained for public travel, and over which it had immediate care, supervision and control; into which obstruction so carelessly and negligently left standing across the road plaintiff collided in the night time while lawfully passing over the road in her automobile and without fault on her part. The declaration charges that the obstruction was a concrete spreader which was left by the defendant standing across the road from one side to the other and which was constructed of iron or like material and on which there were no lights or warnings of danger.

Does the declaration state a good cause of action? That is the only question which we can consider on this certification. *Smith* v. *Ledsome,* 95 W. Va., 429, 121 S· E. 484. In view of the "good roads amendment" (Art. XIV, sec. 5, Constitution, as found in Barnes' Code, 1923) and chapter 112, Acts 1920-1921, the road law, the trial court seems to have been in doubt as to whether the declaration should have stated that the road on which the accident occurred was a county-district road; and has asked if the declaration is good without that allegation. Prior to the constitutional amendment and the "good roads law" of 1921 (chap. 112 of the acts of that session) the county courts had the control, construction, repair and superintendence generally of all public roads within the respective counties; and it was expressly provided· that any person who sustained an injury to his person or property by reason of a public road being out of repair could recover for all damages sustained by reason of such injury, in an action on the case, in any court of competent jurisdiction, against the county court. The liability of the county court was purely statutory, created by the statute, and otherwise would not exist. At common law the county courts would not have been liable. *Parsons* v. *County Court,* 92 W. Va. 495. This statutory liability on the county courts for injuries received on public roads by reason of their being out of repair continued in full force until the enactment of chapter 112 of the Acts of 1920-1921, when it was changed so as to make the county court responsible only for injuries occurring by such cause on county-district roads. It is argued by plain-

tiff's counsel that the former liability on the county court for injuries sustained upon any road in the county has not been changed; and the former liability can not be abrogated by the act of 1920-1921; that to so hold would repeal the former liability by implication. However, by reading section 194 of said chapter 112, Acts 1920-1921, we find an express repeal of chapter 66 of the Acts of 1917 which contained a re-enactment of the provision making the county courts liable for injuries sustained on any road in the county, by reason of the same being out of repair. It is an express repeal of the former law. If the legislature (having expressly repealed the former law) had not incorporated in said chapter 112 the provision found in section 167 thereof, making the county court liable for injuries received on any county-district road in the county, there would have been no liability whatever upon the county courts for such claims. As the statute now reads, a county court is liable only to any person who sustains an injury to his person or property by reason of any county-district road being out of repair. However, the duty of construction, improvement and maintenance of all roads heretofore known as "Class A" roads is placed upon the county courts and they are required to maintain them as county-district roads until such time as the state road commission shall, by order entered of record, take them over, either for construction or maintenance, after which time they shall be and remain under the exclusive authority and jurisdiction of the state road commission. Sec. 64, chap. 112, Acts 1920-1921. So, a county court would be liable for injuries sustained on a "Class A" road which it is required to construct, improve and maintain in the same manner as county-district roads until taken over, in the method designated, by the state road commission. Whether the road mentioned in the declaration is a county-district road or whether it is a "Class A" road which is yet under the jurisdiction and control of the county court and has not been taken over by an order of the state road commission, the declaration does not disclose. It does say, however, that the road on which the injuries occurred, leading from the city of Spencer by way of Walton, Clendenin and to Charleston in Kanawha county, was, at the date

of the accident, under the direct control, care and supervision of defendant and kept and maintained by it for public travel, and that defendant was charged with the duty of keeping it in repair and free from obstructions dangerous to public travel. We think this is a sufficient averment, and the conclusion therefrom would be that the road was either a county-district road as defined by the road law or was a "Class A" road maintained and controlled by the county court and which had not been taken over by an order of the state road commission. It is not necessary to plead conclusions; but it is necessary to plead facts. They are sufficiently set up in this declaration. The declaration states a good cause of action, and the action of the trial court in overruling the demurrer is sustained. We can not anticipate what will be shown by the evidence or speculate on the facts which may be ultimately proven; and therefore can not consider questions of law which may arise on the facts as they are developed. If the proof shows that the road was under the exclusive jurisdiction and authority of the state road commission at the time of the accident, we can not on this certification answer the question certified as to whether the state road commission would be liable; and if so, from what source it would obtain money to discharge the liability. The state road commission is not a party to this litigation.

*Ruling affirmed.*