# CHARLESTON.

B. C. EAKLE *v.* BOARD OF EDUCATION OF THE INDEPENDENT SCHOOL DISTRICT OF HENRY *et al.*

Submitted September 16, 1924.    Decided October 28, 1924.

1. SCHOOLS AND SCHOOL DISTRICTS—*Independent School District is Quasi Corporation and "Municipality", Under Law Providing for Holding of Elections in Municipalities.*

   An independent school district is a public quasi-corporation and a "municipality" within the meaning of Section 85 of Chapter 3, Code (Barnes' 1923) providing for the holding of elections in municipalities. (p. 437).

2. ELECTIONS—*Election Held Without Previous Statutory Registration of Voters Void.*

   Where the law requires registration of voters preceding an election and provides that no one shall be permitted to vote unless he is registered, an election where such registration has been omitted is void. (p. 441).

3. MANDAMUS—*Mandamus Lies to Compel Board of Education of Independent School District to Register Legal Voters and Hold Annual Election for Members Thereof.*

   A writ of mandamus will be issued to compel the board of education of an independent school district, authorized by the act creating such district to hold such elections, to register or cause to be registered the legal voters in said district according to law and to hold the annual election for members of said board. (p. 442).

Case certified from Circuit Court, Clay County.

Proceeding by B. C. Eakle against the Board of Education of the Independent School District of Henry and others. A demurrer to the petition was overruled, and the questions certified.

*Affirmed.*

*O. L. Hall,* for petitioner.

*B. T. Clayton,* for respondents.

LITZ, JUDGE:

Relator, B. C. Eakle, in this proceeding in the circuit court of Clay County seeks by mandamus to compel the Board of Education of the Independent School District of Henry, a corporation, of said county, P. H. Frankfort, president, J. A. Sizemore, James Reed and J. F. Wilson, members thereof, to proceed as soon as practicable to register, or cause to be registered, the legal voters in said Independent School District and hold an election therein as provided by law for the selection of members of said Board of Education, disregarding an alleged election which was held in said district on the first Saturday in June, 1924.

Relator alleges that he is a resident, citizen, tax-payer and voter in said Independent School District of Henry; that said Board of Education, consisting of five members, by reason of the death of Harry Stone, a member thereof, for some time past has been composed of P. H. Frankfort, president, and James Reed, J. A. Sizemore and J. F. Wilson, members; and that said Board of Education is a corporation existing under and by virtue of Chapter 23, Acts of the Legislature of 1905.

Relator avers that by the provisions of said act an election is required to be held by said board annually in said district on the first Saturday in June, for the election of members of said board, and that said board in calling and conducting said election is governed by the election laws of the State; that no election was held in said district either in the year 1922 or 1923, and in consequence thereof the terms of office of two of the members of said board, i. e., said Reed and Sizemore, had on the first Saturday in June, 1924, expired, and said Reed and Sizemore were then, and are now, filling their respective offices as ''hold-overs'' until the election and qualification of their successors; and that because of the death of said Harry Stone his office as member of said board is vacant, so that at the election to have been held on the first Saturday of June, 1924, there were three members of said Board of Education to be elected, one for three years, one for four years and one for five years.

Relator further avers that pursuant to the act creating

said Board of Education it became and was the duty of said board to provide for holding an election in said district on the first Saturday in June, 1924, in accordance with the election laws now in force in this State, and to cause to be registered for said election all the qualified voters in said district; but utterly disregarding its duties and obligations said board refused and neglected to register, or cause to be registered, the legal voters in said district; that election commissioners and poll clerks appointed by said Board of Education on the first Saturday in June, 1924, without any registration of the legal voters in said district whatever, attempted to hold an election in said district; that one of the commissioners of election turned over to relator, as secretary of said Board of Education, what purported to be the ballots, tally sheets and poll books of said election; that said Board of Education, as ex-officio board of canvassers, met on the 13th day of June, 1924, and ascertained that certain candidates had received certain votes, whereupon, before any candidate was declared elected or the result of said alleged election declared by said board of canvassers, a re-count was demanded by certain of said candidates, and said board of canvassers fixed June 19, 1924, as a time for such re-count; that on that day the Board of Education met as such board of canvassers, when it was ascertained that the election returns were not certified by the election officers, that said election officers had not used in said election any registration list, and that no registration of the voters had been made prior to the election; since which time said board of canvassers has not declared the result of the alleged election.

That because no registration of voters at such election was had prior thereto, relator avers that said election is void; that as a citizen, resident, tax-payer and voter in said district he and the other legal voters in said district are entitled to have the legal voters of said district duly registered and an election held therein in all respects according to law for the selection of members of the Board of Education; and that the Board of Education is without authority now to call or hold such election without direction by the courts.

Relator prays that he be awarded a peremptory writ of mandamus directed to said Board of Education and said

Frankfort, Wilson, Sizemore and Reed, members thereof, commanding them to disregard said alleged election, and to provide as soon as practicable for the holding of an election in said district by duly registering, or causing to be registered, the legal voters therein and otherwise conducting and holding such election in all respects as provided by law.

To this petition a demurrer was entered by the defendants. It was overruled and the circuit court of Clay County has certified to this Court the following questions:

> (1)   Does the law governing the holding of elections in said Independent District for the election of members of said Board of Education thereof require a registration of the qualified voters of said district as a prerequisite to the holding of a valid election therein?
> (2)   Is said Board of Education authorized by law to make or cause to be made a registration of the voters residing in said district preliminary to the holding of a valid election therein?

Answering the questions certified in their order:

(1)   Section 85, Chapter 3, Code, confers upon municipal officers, for the purpose of municipal elections, the duties imposed by law on county courts, clerks of circuit and county courts, sheriffs, and other county officers. This section reads:

> "Sec. 85.—MUNICIPAL ELECTIONS.   Every municipal election shall be held in conformity with the provisions of this act, except that the duties herein required of the county and circuit court clerks shall be performed by the municipal clerk (or recorder, as the case may be) ; the duties herein required of the commissioners of the county court shall be performed by the municipal council; the duties herein required of the county sheriff shall be performed by the municipal marshal, sergeant (or chief of police, as the case may be); and the rights of designation of election officers by political parties shall be exercised by the chairman of committees of such parties in the municipality, if such there be.   *Municipal officers are hereby required to perform the various duties herein prescribed for county officers* in whose stead they act, subject to the same provisions and penalties herein prescribed as to such county officers, except
>                                97 W. Va.

> in any municipality giving at the last preceding election therein less than six hundred votes, in which an election is held for municipal officers without any nominations of candidates having been made and certified, as herein provided, by at least two political parties or organizations of citizens representing a political principle, said election may be held and conducted under the laws in force in this State on the day before this chapter, as amended by chapter twenty-five of the acts of 1893, took effect, and shall be counted and certified and the result declared under the provisions of this chapter.''

Respondents in their brief assert that this election comes within the above exception, and should have been held under the law in force before the amendment of 1893 for the reasons that there were no candidates nominated of opposite or different political beliefs by two or more political groups having different political aims, and that there were less than 600 votes cast in the preceding general election in the district. An affidavit to such effect is said to be filed but is not found among the papers certified. There is nothing in the pleadings (of which respondents' brief is no part) showing that the election in question comes within the scope of the above exception. Whether or not the petition states a good cause of action is to be determined on this certification to review the ruling on the demurrer. *Clayton* v. *County Court,* 96 W. Va. 333, 123 S. E. 189.

County courts under various sections of said Chapter 3 of the Code are given authority to appoint commissioners of election (Sec. 7), who shall appoint poll clerks (Sec. 8); to provide and cause to be delivered to the commissioners of election poll books and whatever else is necessary to conduct an election (Sec. 9). Section 98-a-(1) provides for appointment by the county court of registrars whose duties are prescribed by Section 98-a-(3) with reference to general and special elections. Sec. 98-a-(7) further prescribes the duties of registrars with reference to correction of the registration; and Sec. 98-a-(10) provides how election commissioners are to be supplied with registration books, ballot boxes and other election supplies for the conduct of the election.

The questions at once arise: (a) Is the Independent School District of Henry a "municipality" within the purview, and to the extent of its application, of Chapter 3 of the Code providing for elections in municipalities? (b) Is the annual election of members of the board of education of said district, directed by Chapter 23 of the Acts of the Legislature of 1905, to be held on the first Saturday in June of each year, a general election?

(a) While the Independent School District of Henry was created by vote of the residents of that district, and while created mainly for the interest, advantage and convenience of the locality and its people, all its powers and functions, administered by the board of education as its official body, have exclusive reference to the general educational policy of the state and are, in fact, but a branch of the general administration of that policy. The Board of Education of said district is a corporation created by Chapter 23 of the Acts of the Legislature of 1905 for the purpose of controlling the schools of said district, selecting teachers, prescribing courses of study, and among other powers, it has specifically conferred upon it authority to appoint officers to hold the annual election for members of said board.

Because of the limited number of its powers, conferred exclusively by statute on it as a public body within defined territorial limits, said district must rank with those public bodies termed public quasi-corporations. This designation distinguishes it on the one hand from private corporations aggregate, and on the other hand from municipal corporations proper, such as cities or towns acting under charters, or incorporating statutes, and which are invested with more powers and endowed with special functions relating to the particular or local interest of the municipality, and to this end are granted a larger measure of corporate life. "Quasi-corporations" is a phrase used to designate bodies which possess a limited number of corporate powers and which are low down in the scale or grade of corporate existence. School districts are not properly, in accordance with the accurate use of the term, municipal corporations; however, for the purpose of general designation it is quite common to use that term in a

97 W. Va.

sense including such quasi-corporations, and often times to distinguish public or political corporations and their functions from those which would be termed private. McQuillin Municipal Corporations, Section 111; Dillon Municipal Corporations, 5 Ed., Vol. 1, Sections 34, 35, 36 and 37; Beach on Public Corporations, Section 3. The name "quasi-corporation" is generally applied to a body which exercises certain functions of a corporate character but which has not been created a corporation by any statute, general or special. *School District* v. *Ins. Co.*, (Nebr.) 103 U. S. 707,.708; 26 L. Ed. 601.

We find that in some States school districts are held to be municipal corporations. *Trustees of Schools* v. *Douglas,* 17 Ill. 209, 211; *Spalding Lbr. Co.* v. *Brown,* 171 Ill. 487; *Rogers* v. *People,* 68 Ill. 154; *Davis* v. *Steuben School Township,* 19 Ind. App. 694, 704, 50 N. E. 1. In Iowa a school district is a municipal corporation within the meaning of the act authorizing the issue of bonds by municipal corporations, *Curry* v. *Sioux City Dist. Tp.,* 62 Iowa 102, 17 N. W. 191; but it is not a "municipality" within a statute directing the county treasurer to pay over part of the tax on liquor saloons to the municipality in which the business is conducted. *Sheridan Dist. Tp.* v. *Frahm,* 102 Iowa 5. In Kentucky the board of education of a city of the second class is a municipality within the constitutional provision prohibiting the incurring of debt in excess of the year's revenues. *Brown* v. *Newport Board of Ed.,* 108 Ky. 783. In Michigan the board of education of Detroit was held to be a municipal corporation, *Whitehead* v. *Detroit Board Ed.,* 139 Mich. 490. In *Public Ins. Comrs.* v. *Fell,* 52 N. J. Eq. 689, 29 Atl. 816, the New Jersey court held a school district is properly to be regarded as a quasi-corporation, but is a "municipality" within the meaning of a statute giving sub-contractors, etc., a lien on the contract price of public works in any "city, town, township or other municipality." In New York a school district is a quasi-corporation but it is held to be a municipal corporation within the meaning of the constitutional provision which permits local or special laws incorporating municipal corporations. *Board of Ed.* v. *Board of Ed.,* 76 N. Y. App. Div. 355. In Pennsylvania, school

districts are not municipalities but are political divisions for limited purposes belonging to the class of quasi-corporations which exercise some of the functions of a municipality within a prescribed sphere. *Briegel* v. *Philadelphia,* 135 Pa. 451; *Ford* v. *School Dist.,* 121 Pa. 543; *Erie School Dist.* v. *Fuess,* 98 Pa. 600.

While we have classed the Independent School District of Henry as a public quasi-corporation, a political division for limited purposes, yet as it exercises some of the functions of a municipality within prescribed limits, it is a municipality within the meaning, and therefore the application, of the general election laws prescribed for municipalities. Furthermore, that the legislature intended that said district exercise some function of a municipality is clearly shown by Sec. 11 of the act creating said district, to-wit:

> "The first election for members of the said board of education shall be held by the officers appointed as above provided; *and subsequent elections therefor shall be held by officers appointed by said board of education.*"

Since the act of the legislature does not provide the manner of holding such election, it will be assumed that the legislature intended the election to be held in compliance with the general election laws applicable thereto.

(b) As the election in question is directed by statute to be held annually at a designated time, it must be classed as a general election, in contradistinction to a special election, which may be held at any time when certain requirements of the enabling statute are complied with. A general election may be said to be an election held for the choice of a National, State, judicial, district, municipal, county or township official required by law to be held regularly at a designated time, to fill a new office or a vacancy in an office at the expiration of the full term thereof.

In accordance with said Section 85, Chapter 3, Code, the Board of Education of said Independent District is invested with the powers, authority and duties of the county court and county officers for the purpose of holding the annual election for members of the board. It is the duty of the board, fur-

ther, to provide for the registration of the legal voters in said district in compliance with the statute. Section 98-a-(11) of Chapter 3 provides: "No person shall be allowed to vote at *any election hereafter held in this State* unless he shall have been registered *as herein provided.*" ·

(2) It is well settled that where the law requires registration of voters preceding an election and provides that no one shall be permitted to vote unless he is registered, and no registration is had, the election where the omission occurs is of no force and effect and no one may claim the right to office as a result thereof. *People* v. *Kopplekom,* 16 Mich. 342; *State* v. *Scarboro,* 110 N. C. 232, 14 S. E. 737; *Smith et al.* v. *Board Trustees,* 141 N. C. 143, 54 S. E. 524; *Fish* v. *Kugel,* 63 Colo. 101, 165 Pac. 249, 250; 20 C. J. 82; Lewis' Sutherland Statutory Cons., Sec. 632, (2d ed.) "Where the law requires such a registration and forbids the reception of votes from any person not registered, an election where no such registration has ever been made will be void and cannot be sustained by making proof that none in fact but duly registered electors have voted." Cooley Cons. Lim. 7 Ed. p. 907. "The remedy of the electors is by proceedings to compel the performance of the duty, and the statute being imperative and mandatory cannot be disregarded." *Idem.*

In argument it was strongly contended that registration of the voters in said district was unnecessary under the provisions of Sec. 98-a(15) of Chapter 3, which states: "This act shall not apply to municipal elections held in cities, towns and villages." It is apparent that the election under consideration is not a municipal election held in a city, town or village.

For the reasons above given we are of opinion that the election held on the first Saturday in June, 1924, is void and of no effect. Therefore, in conformity with the fundamental principle that mandamus lies to compel the performance of official duties which are imperative in their nature and unaccompanied by any element of discretion, the courts will compel the holding of a municipal election when the duty is clearly obligatory and has beeen disregarded by the officers entrusted by law with its performance. The board of education and

its members must therefore proceed as soon as practicable to register the legal voters within said Independent District and hold an election for members of said board in accordance with the provisions of the law. Sec. 98-a-(16) Chapter 3, Code; 26 Cyc. 272; Cooley Cons. Lim., *supra;* High on Extra-ordinary Legal Remedies, 3d Ed., Sec. 401. That the day designated by the Act for holding said election has passed is of no importance in this instance. *State ex rel Gay* v. *City of Buckhannon,* 96 W. Va. 380, 123 S. E. 182.

The lower court properly overruled the demurrer to the petition, and it will be so certified.

*Affirmed.*